HENRY HARTRICK *et al..* v. THE TOWN OF FARMINGTON, Appellant.

**Temporary Sidewalks:** GRADE.  Code of 1873, section 466, provides that the town council shall have power to construct sidewalks; and section 468 authorizes them to lay temporary sidewalks on the natural surface of the ground on a street not permanently improved.  *Held*, that, where no permanent grade is established, the council cannot construct a temporary plank sidewalk above the natural surface, so as to bring it on a line with improvements on the street.

*Appeal from Van Buren District Court.*—HON. T. M. FEE, Judge.

FRIDAY, APRIL 7, 1899.

THE defendant is an incorporated town.  The plaintiffs, Henry Hartrick and Emma Fitchenmueller, are owners of property abutting on State street, in said town.  The street has no established grade, and is not, legally speaking, permanently improved.  The two plaintiffs are owners of adjoining lots on said street, the course of the street being east and west. West of the lots owned by Fitchenmueller is Miller's block, and east of Hartrick is the lot owned by Thero, and east of that what is shown on the plat as Sterling Mills.  These properties embrace all abutting property on the north side of State street, between Second and Third streets; the Miller block being on Second street, and Sterling Mills on Third street.   The Thero and Sterling Mills lots have been improved, and in front of the buildings thereon is a sidewalk about three feet above the natural surface of the ground on that side of the street; and a grade or direct line from the surface of this sidewalk, at the west side of the Thero lot, to the Miller block, running past the lots belonging to the plaintiffs, would be about three feet above the natural surface at

the east end, and about one foot at the west end. The town council has constructed a walk from the Thero lot west, in front of the lots belonging to plaintiffs, on the line we have described, and giving it that elevation above the natural surface. This action was brought to enjoin the defendant from erecting or maintaining such a walk, and upon the trial below there was a decree for plaintiffs, and a mandatory injunction awarded commanded the defendant to remove the walk so erected. The defendant appealed.—*Affirmed.*

*Mitchell & Sloan* for appellant.

*Wherry & Walker* for appellees.

· GRANGER, J.—Appellant, in argument, regards the case on appeal as involving three legal propositions, the first being as follows: "Has a town council the power to cause the erection of a plank sidewalk, elevated some two or three feet above the natural surface, so as to bring it on a level along its length, and on a street on which no permanent grade is established? That is, until a permanent grade is established for the street, must the sidewalks be built down on the natural surface, without regard to the condition or evenness thereof? This question, to adapt it to the case, should be slightly modified, by taking from it the reference to an uneven natural surface; for there is nothing in this case to show that the elevation of the walk above its natural surface was because of its unevenness, or for any reason except to bring the walk in a line with the recent improvement of the Thero lot and the walk in front of it and the Sterling Mills lot, so as to make an even walk between Second and Third streets. The case is controlled by the law as it stood prior to the present Code, and we quote from the Code of 1873, as to the authority of a town council as follows:

"Sec. 466. They shall have power to contruct sidewalks, to curb, pave, gravel, macadamize, and gutter any highway or alley therein, and to levy a special tax on the lots and parcels

of land fronting on such highway or alley to pay the expenses of such improvement."

"Sec. 468.   They shall have the power to provide for the laying of temporary plank sidewalks upon the natural surface of the ground, without regard to grade, on streets not permanently improved, at a cost not exceeding 40 cents a lineal foot, and to provide for the assessment of the cost thereof on the property in front of which the same shall be laid."

The walk in question was a temporary one of plank, on·a street not permanently improved, and hence section 468 defines the authority of the council.   It is probably true that it should be read in connection with section 466, which deals with the general subject; but there can be no doubt that sec-tion 468, as a grant of power, embraces all there is as to the laying of temporary walks on streets not permanently improved.   The grant of such power in section 468 clearly shows that it was not the legislative purpose to grant the same in section 466.   Devesting the case of any question as to the authority of the council to depart from the natural surface of the ground in such cases, because of difficulties arising from abrupt depressions or elevations of the surface, and looking alone to the authority of the council to go above or below the natural surface to conform the grade of the walk to other improvements made, so as to meet public or private con-venience, we have the real question for our consideration. Thus stripped of matters that tend only to confuse the case, the difficulties are at an end, for the language of the statute is both plain and conclusive.   The statute is not a limitation on previous authority, so that what is not pro-hibited exists; but it is a gift or grant of authority, so that what is not granted does not exist.   It is a perversion of the language of the section to say that its purpose is merely to limit the liability of the abutting property owners to 40 cents per lineal foot, leaving the excess of cost to be paid from a general fund, or from some other source.   If the grant of

power for such purposes was included in the language of section 466, as appellant seems to think it is, why repeat the grant of power in section 468; when in section 466 a few words would have fixed the limitation as to cost to abutting property owners in such cases? The two sections seem to be specific grants of power. The conclusion is aided by reason, and this case illustrates it. There is no established grade of the street with reference to which improvements can be made. Grades are established that all may conform thereto, and not be subjected to the inconveniences of being undesirably above or below walks made at grade. It is well understood that streets in our municipalities will sooner or later be permanently improved upon established grades, and improvements prior to the establishment of grades are not called permanent; they are deemed temporary; and, during that period the use of abutting lots on streets can best be by treating the natural surface as the grade, so that these temporary walks may not be above one man's door and below another, and to the exact convenience of another. The case of *Railway Co. v. Spearman,* 12 Iowa, 112, is not authority for appellant's position in any sense. The decree of the district court set aside all proceedings of the town council establishing the walk in question, including ordinances for that purpose, and ordered a mandatory injunction against maintaining the walk, and its decree is right. The holding dispenses with a necessity for considering other questions. The judgment is AFFIRMED.