N. J. CONVERSE, Appellant, v. INCORPORATED TOWN OF
DEEP RIVER, Appellee.

**Municipal corporations:** CONSTRUCTION OF SIDEWALKS: INJUNCTION.
1 Before a city can inforce an order directing a property owner
to rebuild his sidewalk at grade it must first do the grading, and
where it admits in its answer to a suit to enjoin enforcement of
the order, that it intends to compel the property owner to re-
build the walk before it has done the grading, a restraining
order may properly be entered; but such order, though permanent
in form, will not prevent the city from afterward performing
its duty and then requiring the property owner to rebuild.

**Same.** In restraining a city from inforcing an order requiring a
2 property owner to rebuild a walk at grade because the city had
not done the grading; the court should not attempt to instruct
the town as to the prerequisites on its part, but its action in so
doing should be regarded as advisory only and not as an ad-
vance adjudication of the question.

**Temporary Sidewalks:** GRADE: REGULATION BY MUNICIPALITY. Under
3 the present statute a town has power to require a property owner
to maintain a temporary sidewalk, which was not built at the
permanent grade, so as to join with a permanent connecting walk
at a specified grade and thus eliminate a step from one to the
other.

**Same:** ILLEGAL NOTICE: JURISDICTION. The fact that a town has
4 been enjoined from proceeding to inforce the rebuilding of a
sidewalk under a void notice to the property owner, does not
deprive it of jurisdiction to thereafter exercise its authority in
a proper manner.

**Same:** INJUNCTION: DECREE. Where the court found that the town
5 had not complied with certain statutory requisites, but intended
nevertheless to require the property owner to rebuild his walk
without complying therewith, an injunction restraining all in-
terference with his walk until the town had complied with all
legal prerequisites should have been entered.

**Same:** APPORTIONMENT OF COSTS. Under a petition asking general
6 equitable relief, in a suit to restrain a town from illegally re-
quiring plaintiff to rebuild his sidewalk, an amendment during
the trial asking that defendant be restrained from assessing the

expense of the proposed work against the property added noth-
ing to the original prayer, and was not ground for taxing part
of the costs to plaintiff.

*Appeal from Poweshiek District Court.*—HON. W. G. CLEMENTS, Judge.

TUESDAY, OCTOBER 27, 1908.

SUIT to enjoin the defendant and its town council from enforcing the rebuilding of plaintiff's temporary sidewalk. Decree finding the plaintiff entitled to partial relief and denying other relief prayed for and taxing one-half the costs to each party. Plaintiff appeals.— *Modified and affirmed.*

*Popham & Havner,* for appellant.

*W. R. Lewis,* for appellee.

EVANS, J.—The plaintiff is the owner of lots 8 and 9 of a certain block 2. One Connell is the owner of lots 6 and 7 in the same block. These lots all lie east and west facing east on Fourth avenue, and being consecutively numbered from south to north. The property of the plaintiff, therefore, lies north of the property of Connell. However, between Connell's lot 7 and the plaintiff's lot 8 there is an alley sixteen feet wide. Both properties are used for residence purposes, and are occupied by the respective owners. Plaintiff's sidewalk is a temporary plank sidewalk lying upon the natural surface of the ground. A permanent grade has been established for Fourth avenue, but the street has not been brought to such grade except in part. As we understand the record, it has been brought practically to grade opposite the property of Connell, and Connell has built a permanent cement sidewalk conforming to the established

grade. The alley between the properties has also been cut practically to grade, and the sidewalk extended across the alley on the established grade. The established grade at the north end of this sidewalk is from twelve to fourteen inches lower than the south end of plaintiff's sidewalk, so that at the junction of the two sidewalks there is a dangerous step of about fourteen inches. The council of the defendant town caused a notice to be served upon the plaintiff requiring him to change the elevation of the south end of his walk so that it should be brought to grade at the point of connection at an incline of not greater than 7 per cent. An incline of 7 per cent. would bring the plaintiff's sidewalk from grade, at the point of connection, to the natural surface of the ground at a point fourteen feet from the south end. The effect, therefore, of the order was to require the plaintiff to readjust fourteen feet of his temporary sidewalk so that it should lie at an incline of 7 per cent., and thus eliminate the step before referred to. The plaintiff brought this proceeding to test the authority of the town council to make such requirement of him, or to assess the cost against his lot. In this petition the plaintiff denies the authority of the council under the statute to make such requirement under the circumstances. He denies the validity of the ordinances under which the council assumes to act. He denies that the council has obeyed the requirements of the ordinances, if they are valid. He denies the sufficiency of the notice served upon him, and prays for a perpetual injunction and general equitable relief.

After a hearing on the merits the trial court entered the following decree (omitting preliminaries):

And now, to wit, on the 18th day of March, 1907, the same being the fourth day of said term of said court, the court having examined the pleadings, heard the evidence and the arguments of the attorneys for the re-

spective parties, and, being well and sufficiently advised
in the premises on the issue as to the right of the de-
fendant to regulate the grade of the sidewalk in question
in the case, finds the equities with the defendant, and
that it had and 'has the right and authority to require
the plaintiff to lower the south end of his sidewalk to
the grade of the crossing over the alley, as it was put
in by the defendant, so that the surface of the said
crossing and walk shall be on the same level and smooth,
so there shall be no step from one to the other, but that
on the issue as to taxing the cost of such charge to the
plaintiff the equities are in part with the plaintiff and in
part with the defendant; that is to say, that it is the
duty of the defendant to excavate and prepare the earth
foundation for that part of the sidewalk to be lowered
at its own expense, and that it has no right to tax such
part of the cost to the plaintiff, but it may tax the cost
of reconstructing and laying back the sidewalk, after
such grading is done, to the plaintiff and his said prop-
erty.   The court further finds that inasmuch as the de-
fendant's resolution and notice to the plaintiff required
him to make such change in the south end of his said
sidewalk, including the necessary grading therefor, and
in case of his refusal or neglect to do these, providing
that the defendant would do the work and tax the cost
thereof, including the necessary grading, to the plaintiff
and his said property, the defendant will by ordinance
or resolution prescribe what work shall be done, and
shall give the plaintiff written notice thereof, and of the
time when the said grading will be completed and ready
for the sidewalk and its reconstruction, and then if the
plaintiff neglects or refuses to do such work in the time
mentioned in said ordinance or resolution and notice, the
defendant shall do the work and tax the cost to said
plaintiff and his said property, except that for the nec-
essary grading, and return such costs and collect the
same, as provided by law.   During the trial of this
cause, and after a large part of the evidence had been
taken, the plaintiff asked and was granted leave to amend
his prayer for relief, so as to include a prayer for the
restraint of the defendant from assessing or taxing the
cost of the work which was forbidden by the writ of

injunction to the plaintiff and his said property, but this was with the provision that terms should be imposed and fixed by this decree should the court find a division or assessment of costs equitable, and the court finds that the terms upon which such leave was granted should be that one half of the costs should be taxed to the plaintiff, and that the other half should be taxed to the defendant.

It is therefore ordered, adjudged, and decreed that the defendant has the right to regulate the grade of the sidewalk in question, and to relay its south end and bring it to the same grade as the crossing over the alley with which it connects, and make the passage from the one to the other smooth, so that there will be no step from one to the other, or to require the plaintiff to do such work, except that the defendant shall do the grading and prepare the earth foundation therefor without expense to the plaintiff, and if after notice to the plaintiff, hereinafter provided for, the plaintiff neglects or refuses to relay or reconstruct such south end of said walk, on the grade so prepared by the defendant, the defendant may do such work, and tax the cost thereof to the plaintiff and his said property, as provided by law, not exceeding, however, 40 cents per linear foot on such reconstructed walk; that before proceeding with such work the defendant shall by ordinance or resolution prescribe what work shall be done, how it shall be done, and the time when it shall be done, and shall give the plaintiff written notice thereof, and of the time when it will have the grade for such work completed; and if the plaintiff shall neglect or refuse to do the work within the time fixed therefor, the defendant may do it, and may tax the cost of all thereof, except the grading and preparing the earth foundation therefor, to the plaintiff and his said lots, in the manner provided by law, not exceeding, however, 40 cents per linear foot of such reconstructed walk. It is further ordered, adjudged, and decreed that the injunction ordered and issued in this case be, and the same is, hereby dissolved. And it is hereby ordered, adjudged, and decreed that the plaintiff have and recover of and from the defendant one-half of the costs herein, said one-half being taxed at $65.05,

and that the defendant have and recover of and from the plaintiff herein the other one-half of said costs, such one-half so taxed to the plaintiff being $65.05.   Both parties except to this decree, and the plaintiff excepts to each and every finding of fact, and each and every conclusion of law, and each and every ruling.   W. G. Clements, Judge.

The necessary effect of this decree is to find that the defendant's counsel was not entitled to enforce its order against the plaintiff until it had first complied with the requisites pointed out by the court.   The plaintiff complains because the court assumed to instruct the defendant and its counsel as to the course they should pursue before they could require the plaintiff to adjust his walk to the incline required.   Inasmuch as the defendant admitted in its answer that it intended to enforce against the plaintiff the requirements stated in the notice served upon him, the trial court would have been justified in finding that the town council had not itself complied with the necessary prerequisites, and that it could not therefore enforce its order, nor treat the plaintiff as in default, and it could have granted the injunction on that ground.   Such injunction, though permanent in form, would in no wise interfere with the right of the town council afterward to comply with the necessary prerequisites, and to exercise its powers under the statute in a proper way.

1. MUNICIPAL COR-
PORATIONS:
construction
of sidewalks:
injunction.

The trial court, however, saw fit to instruct the town council as to the prerequisites which would be deemed necessary on its part.   The purpose of the court doubtless was to expedite future proceedings and hasten the end of controversy.   But it is also true that it went beyond its judicial functions.   Its action, therefore, in pointing out the course to be hereafter pursued by defendant as a compliance with statute

2. SAME.

or ordinance should be construed as advisory rather than mandatory, and is not to be deemed as an advance adjudication of the question. With this qualification it can work no prejudice to plaintiff, and we will not otherwise interfere with it.

II. The plaintiff contends broadly that the statute confers no power on the defendant to order the proposed change under any circumstances, or by any method. He cites *Hatrick v. Farmington,* 108 Iowa, 31,

**3. TEMPORARY SIDEWALKS: grade: regulation by municipality.** and *Burget v. Greenfield,* 120 Iowa, 432, and contends therefrom that a temporary sidewalk is entitled to the "natural surface of the ground" and that no sidewalk can be ordered to any other grade until the street be first brought to an established grade. The first of the cited cases, was directed under section 468 of the Code of 1873, which by its terms expressly fixed the natural surface of the ground as the grade of a temporary sidewalk, and contained no provision conferring on towns power to regulate such grade. The other case relates wholly to a permanent sidewalk, and involves the construction of section 779 of the present Code. But section 777 of the present Code expressly confers on towns the power to "regulate the grade" of temporary sidewalks. It is a reasonable construction of this provision to say that it confers some discretionary power other than the establishment of a fixed and uniform grade. And it is a reasonable exercise of that power to require that plaintiff's walk shall connect with the permanent walk substantially in the manner proposed. If this be not so, then the period of transition from temporary to permanent sidewalks in small towns would be a time of great peril to pedestrians, and town councils would be quite helpless to perform their legal duty to maintain sidewalks in a reasonably safe condition for public travel. Such, practically, was the situation prior to the enactment of this amendment, and it

was doubtless for that reason that the amendment was enacted. Looking at the undisputed facts in this record, they present a situation, on the one hand, of very grave importance to the town and to the traveling public; and on the other hand, of expense and inconvenience to plaintiff so slight as to be difficult of computation. The trial court correctly construed section 777 as applied to this case.

III. Plaintiff urges that the town council was premature in its demands upon him, and that it had not complied on its own part with those legal formalities imposed on it by law as preliminary to, and as to the method of, exercising the power conferred on it by the statute. On this proposition the trial court found substantially with the plaintiff, as indicated in the first division hereof.

IV. It is persistently urged that because of the failure of the council to comply with the preliminary requirements of the law, it was wholly without jurisdiction in the premises, and that all its acts were therefore void. Let this be granted as an abstract legal proposition. What does it avail the plaintiff more than the trial court gave him? What act has the council done, except to serve upon the plaintiff an insufficient notice? That act has, in effect, been declared futile by the trial court. What more is there for plaintiff to get out of this proposition? If the town council had proceeded illegally, and had relaid plaintiff's walk, and had undertaken to assess the costs thereof against plaintiff's property, then the plaintiff might have garnered something substantial from the failure of jurisdiction. But the plaintiff chose his own time for litigation, and he brought his suit in advance of action by defendant. By a temporary injunction he prevented the defendant from doing any act either with, or without, jurisdiction, and the status quo has been maintained pend-

4. SAME: illegal notice: jurisdiction.

ing the litigation. The right of the defendant is the same now as it was at the beginning, namely, the right to proceed in a legal way, and in no other, to exercise the power conferred on it by statute.

V. Notwithstanding that the court found that the defendant had not complied with the necessary prerequisites, and that it appears from the undisputed evidence that the defendant was intending to proceed in pur-

5. SAME: injunction: decree.

suance of the notice served by defendant on plaintiff, without complying with further prerequisites, the decree, as entered, contains a formal order dissolving the injunction, and of this the plaintiff complains. This part of the decree is clearly inconsistent with the findings and requirements of the decree as a whole. The plaintiff was entitled to an injunction restraining interference with his sidewalk until all legal prerequisites had been complied with by the town council. The practical importance of this error may not be very great. We apprehend that no effort would be made by the town council to ignore the provisions of the decree as a whole, but circumstances might arise in the future that would render important the very form of the decree in this respect. For instance, if plaintiff were confronted with an action on the injunction bond, it might trouble the trial court greatly to determine the effect of this decree upon the rights of the parties to such action upon the bond.

VI. It is provided in the decree that the plaintiff shall pay one-half of the costs or the sum of $65.05. Of this the plaintiff complains. Apportionment of costs, in a proper case, rests largely in the discre-

6. SAME: apportionment of costs.

tion of the trial court. If these costs had been taxed against the plaintiff, on the ground that they were made on an issue decided adversely to the plaintiff, we would deem the question quite beyond our reach. But it appears from the decree that the ap-

portionment was not made upon any such ground. The
decree states that, pending the trial, and after a large
part of the evidence had been taken, the plaintiff obtained
leave upon terms to amend the prayer of his petition,
so as to include a prayer for the restraint of the defendant
from assessing the costs of the proposed work against the
plaintiff's property. The amendment was permitted, upon
terms to be fixed later by the court. The decree states
that it is because of this amendment that the plaintiff
is charged with the payment of one-half of the costs.
It will be noted that the plaintiff's original petition prayed
for general equitable relief. It has been held repeatedly,
that such a prayer is as broad as the powers of the court.
The amendment filed, added nothing to the legal effect
of the original petition. It presented no new issue. It
could take no one by surprise. It could add nothing to
the costs of the trial. It was an aid, rather than a hin-
drance, to the court, in that it specified and emphasized
the particular relief sought. It was an amendment which
could properly be filed by a party, and permitted by the
court at any stage of the trial. We can conceive of no
reason why such an amendment should not be permitted
by the trial court at any time before the actual submission
of the case. We do not think, therefore, that the trial
court was justified in charging these costs against the
plaintiff on the grounds stated.

Except in the respects stated, the decree entered below
is sustained. It will be modified in this court to the
extent that the formal order dissolving the injunction
will be stricken out, and the injunction will be ordered
to stand, as indicated in this opinion, and the defendant
will be decreed to pay all the costs of the lower court,
without prejudice, however, to the right and duty of the
lower court to determine any question properly arising
upon motions to retax specific items on grounds con-

sistent with this opinion. As so modified, the decree of the lower court will be affirmed. Appellee must pay the costs of appeal. *Modified* and *affirmed*.