BERTHA S. HUNTER, Appellee, v. CITY OF OTTUMWA, C. R. ALLEN, City Engineer, and JOSEPH BLUNK, Appellants.

**Municipal corporations:** STREET IMPROVEMENT: DAMAGES: BENEFITS.
1 Where the witnesses estimating the damages to abutting property by reason of grading the street, as in this case, testified to the value of the property both before and after the improvement, the benefits accruing to the property were necessarily taken into consideration.

**Same:** INJUNCTION. A decree of injunction restraining a city from
2 grading a street prior to the adoption of a resolution or ordinance establishing a grade should not be so broad as to prohibit the city from thereafter exercising its legislative power to fix a grade and improve the street.

*Appeal from Wapello District Court.*—HON. D. M. ANDERSON, Judge.

WEDNESDAY, FEBRUARY 15, 1911.

ACTION for injunction and damages for cutting and grading down a street abutting upon plaintiff's property. There was a trial to the court and a decree for plaintiff

awarding her damages of $1,200 and a perpetual injunction against the city and its officers. The defendant appeals. *Modified* and *affirmed.*

*Clyde G. Sparks,* for appellants.

*Mitchell & Hunter* and *Jaques & Jaques,* for appellee.

EVANS, J.—Plaintiff was the owner of a home abutting upon Union Street 'in the city of Ottumwa. In the alleged improvement of the street, the city proceeded, through its officers, to cut down said street to a proposed grade. The depth to which the street was actually cut varied from two to thirteen feet. No grade had ever been established upon such street at such point by resolution or ordinance, and the action of the city was wholly without authority in that respect. Only two questions are presented for our consideration: First, was the amount of damages allowed excessive? Second, was the plaintiff entitled to a perpetual injunction in the form granted by the decree?

I. As to the first point, it is sufficient to say that the amount ordered as damages has sufficient support in the testimony. It is urged by appellant, however, that the witnesses estimated the damages without taking into account any benefit to the property by reason of the proposed improvement. The record does not justify this contention. The witnesses testified to the value of plaintiff's property before and after the excavation. They were not directed to exclude from consideration supposed benefits, as is done in ordinary condemnation cases. The benefits to accrue, therefore, necessarily entered into the supposed market value of the property after the excavation.

1. MUNICIPAL CORPORATIONS: street improvements: damages: benefits.

II. As to the permanent injunction ordered, the final decree contained the following provision: "It is

further ordered, adjudged, and decreed that the city of

2. SAME:          Ottumwa, its officers, agents, and their suc-
injunction.      cessors in office, are each and all forever
enjoined from cutting down Union Street along the prem-
ises in question to any greater depth than the same was
cut at the time the temporary injunction was issued in
this case, to wit, July 20, 1906, and they are forever
perpetually enjoined from establishing a sidewalk grade
on the side of Union Street adjoining the property owned
by plaintiff at any greater depth than a distance of two feet
six inches above the surface of Union Street, as it was at
the time the injunction in this suit was issued. This does
not preclude the city from establishing the grade on Union
Street at a higher grade than above stated, but the same
shall not be unreasonable in height above the grade of
Union Street itself. To all of which the defendant ex-
cepts." It is urged that this decree in this form will in-
terfere with the future exercise of its legislative power
by the city council. Counsel for appellee concedes that the
decree should not interfere with the right of the council
hereafter to establish by proper ordinance such grade or
grades as shall seem to it proper. They urge, however,
that the decree in the form in which it was entered may
be construed as restraining the defendant city only from
proceeding without the authority of properly enacted or-
dinances.

The decree is very sweeping in form. If it were
before us for construction after it was too late to qualify
its terms, we might find a way to construe it in accord
with the contention of the appellee. *Converse v. Town
of Deep River,* 139 Iowa, 732. The decree under consid-
eration, however, purports to be perpetual not only as
relating to present conditions, but it purports in terms to
set a limit upon the legislative power of the city to enact
future ordinances. We think, therefore, that there ought
to be a modification of the decree in this respect. The

plaintiff is entitled to a, perpetual injunction to restrain the city from illegally cutting said street without the authority of an ordinance thereto. As to what the city may hereafter do by a proper ordinance is not involved in the case. *Modified* and *affirmed.*