G. H. MONROE, Appellant, v. W. K. PEARSON et al., Appellees.

**MUNICIPAL CORPORATIONS:** Temporary Sidewalks—Authorization—Sufficiency. Temporary sidewalks may be legally ordered by resolution of the city council, or by its equivalent, a duly adopted motion entered of record. (See Sec. 777, Code Supp., 1913.)

**MUNICIPAL CORPORATIONS:** Temporary Sidewalks—Establishing Grade—Discretion of Council. Temporary sidewalks may be legally ordered without the establishment of any grade therefor, the power to regulate the grade for such sidewalks being permissive only. (Sec. 777, Code Supp., 1913.)

**MUNICIPAL CORPORATIONS:** Temporary Sidewalks—Resolution Ordering Construction. An order for temporary sidewalks, without specification of any grade, implies that they shall be laid upon the natural surface of the ground.

**MUNICIPAL CORPORATIONS:** Temporary Sidewalks—Indefinite-ness of Notice to Construct—Effect. An assessment for the cost of temporary sidewalks will not be defeated because the notice to the property owner to construct the same was indefinite and unsigned, when the property owner appeared before the council in response thereto and had ample hearing and refused to comply with the notice.

**MUNICIPAL CORPORATIONS:** Temporary Sidewalks—Certifying Cost—Informalities—Effect. The objection that the dollar sign ($) in front of the figures showing the cost of constructing temporary sidewalks was omitted in the certification of such cost to the county auditor is entirely too technical to receive attention from a court of equity.

**MUNICIPAL CORPORATIONS:** Temporary Sidewalks—Assessment—Non-Necessity of Notice to Property Owner. Notice to the property owner of the *assessment* for temporary sidewalks and of the *certification* of the same to the county auditor is not required. (See Sec. 777, Code Supp., 1913.)

**MUNICIPAL CORPORATIONS:** Taxation—Omission to Make Annual Sinking Fund Levy—Rectifying Omission. The failure of the city for a series of years to make annual levy of taxes for the purpose of providing a fund to meet principal and interest on bonds as required by statute, Sec. 894, Par. 9, Code Supp., 1913, may be rectified by the city council on its own motion, by levying in any one year an amount sufficient to make up the deficiency for the omitted years, the said command of the statue having been incorporated into said bonds.

**MUNICIPAL CORPORATIONS:** Taxation—Excessive Levy—Burden of Proof. He who asserts that a levy of taxes, though authorized in some amount, is excessive as a matter of fact, has the burden of proof to so show.

**MUNICIPAL CORPORATIONS:** Temporary Sidewalks—Assessment—Partial Abutment on Integral Tract. An assessment for the cost of temporary sidewalks should only be made against that part of an integral tract of land upon which such sidewalk abuts.

*Appeal from Jones District Court.*—MILO P. SMITH, Judge.

FRIDAY, MAY 12, 1916.

SUIT in equity to test the validity of certain taxes assessed against the plaintiff's property. The trial court dismissed the petition, and plaintiff has appealed.—*Modified* and *Affirmed*.

*Remley & Remley,* for appellant.

*George C. Gorman* and *C. J. Cash,* for appellees.

EVANS, C. J.—The plaintiff is a resident taxpayer in the city of Anamosa. He resides upon a 5-acre tract of ground in the northern part of the city. Huber Street runs north and south along the west line of this property. Webster Street runs east and west along its south line. Plaintiff's residence and appurtenances are located in the southwest corner of this tract; the rest of the tract extending north being devoted mainly to pasturage. Huber Street has an established grade extending north 100 feet from plaintiff's southwest corner. For such distance of 100 feet, plaintiff has built and maintained a permanent sidewalk. The entire frontage of plaintiff's tract is about 320 or 330 feet. Extending north from his permanent sidewalk, plaintiff has maintained a temporary sidewalk for a great many years, and the same had become, at the time of the events herein involved, very much out of repair. The city council ordered a new temporary sidewalk to be laid in lieu of the old. The plaintiff refused to accede to this order, and the city caused the walk to be built at an expense of $47.54, and caused the same to be assessed against the plaintiff's property. The legality of this assessment and the proceedings leading thereto is the first question presented for our consideration.

I. It is first urged that the proceedings of the city council were invalid because no ordinance was adopted at any time providing for the laying of such temporary sidewalk or any other. We know of no provision of the statute

1. MUNICIPAL COR- PORATIONS: temporary side- walks: author- ization: suffi- ciency. which requires the city to proceed by ordinance in such a case, nor does appellant cite any decision to that effect. The only provision of our statute pertaining to this subject is Section 777, Code Supp., 1913, which is as follows:

"Sec. 777.    They shall have power to provide for the laying, relaying and repairing of temporary sidewalks upon any street, avenue, public ground, wharf, landing or market place within the limits of such city or town, at a cost not exceeding forty cents a linear foot, to prescribe a uniform width thereof, and to regulate the grade of the same, and to provide for the assessment of the cost thereof on the property in front of which the same shall be laid, in proportion to the special benefits conferred upon the property thereby and not in excess thereof, and the city or town clerk shall certify the amount of such assessment to the county auditor, and it shall be collected the same as other taxes."

It is further urged that the proceedings of the council were not in the form of a resolution even. The form of the proceedings was a motion duly entered of record and carried. This motion was the equivalent of a resolution. *Sawyer v. Lorenzen,* 149 Iowa 87; *State ex rel. Wagner v. Summers* (S. D.), 144 N. W. 730.

It is further urged that there was no compliance with Section 777, Code Supp., 1913, in that no grade was fixed, as therein contemplated. This provision of such statute is permissive only, and is intended to confer a discretion upon the city council. Prior to its enactment, we had held that a temporary sidewalk was entitled to the natural surface of the ground, and that there was no power in the city council to order a temporary sidewalk upon any other grade. *Hartrick v. Town of Farmington,* 108 Iowa 31. The statute in its present form conferred power upon the city council to regulate the grade even for a temporary sidewalk. We have construed it as conferring "some discretionary power other than the establishment of a fixed and uniform grade." *Converse v. Incorporated Town of Deep River,* 139 Iowa 732.

Clearly, the city council had power to order the walk laid upon the natural surface. It had equal power within reason-

2.  MUNICIPAL COR-
    PORATIONS:
    temporary side-
    walks: estab-
    lishing grade:
    discretion of
    council.

able limits to specify a grade for temporary purposes. The resolution under consideration did not specify

**3. MUNICIPAL COR-PORATIONS: temporary sidewalks: resolution ordering: construction.** any grade. Neither did it in terms order the walk laid upon the natural surface. In the absence of any specification of a grade other than the natural surface, the only fair construction of the order was that the walk should be laid upon the natural surface. As will hereinafter appear, the plaintiff was in no manner misled by the form of the order, but understood fully that it had reference to the natural surface.

It is further urged that the notice which was attempted to be served upon the plaintiff was insufficient and irregular, in that it was too indefinite, and in that it was signed by no person. Such notice was as follows:

**4. MUNICIPAL COR-PORATIONS: temporary sidewalks: indefiniteness of notice to construct: effect.**

"Notice to Build Sidewalk.

"To G. H. Monroe:

"You are hereby notified to build a surface sidewalk in front of lots in Webster's Outlot 1, except 10 by 15 rods in the N. W. corner in the city of Anamosa, Iowa, within 10 days from this date, and in case of your failure to build said walk within that time, the city will build said walk and assess the expense thereof to the property in front of or along which such repairs are made.

"Dated Anamosa, Iowa, September 16, 1911.

"By Order of City Council."

This notice was delivered to the city marshal by the city clerk, and was served upon the plaintiff by the city marshal. Plaintiff testified in relation thereto as follows:

"I received Exhibit 1. I think Mr. Johnson served it on me. I refused to build a temporary walk. Q. Why did you refuse to build a temporary walk. A. Because I had a petition for a fill for three years. They had given other people grades and I thought I did not want to throw away that money. It is a main road going up into Cass Township. It has been unimproved for a good many years. I never petitioned any other council to have it graded. I was trying to

get a fill for two or three years. I had not been trying to get the other council to fill. I don't think I asked anybody until I asked Mr. Sheean. I went to the city authorities and told them the walk could not be repaired and told them they might have a damage suit, and asked them for a permanent grade so I could continue my walk. The city requested me to repair it and I told them it could not be repaired. It had been renewed several times. It had been in there about 20 or 25 years, I guess, and it absolutely required a new walk.''

It will be seen from the foregoing that plaintiff was in no manner misled by informalities in the notice, and that he had a full hearing of his contention before the city council. The notice fully answered its purpose and its informalities are not such as would warrant a court of equity in declaring the proceedings void. *Neeley v. Incorporated Town of Mapleton,* 139 Iowa 582.

It is further urged that the form of the assessment, as certified to the auditor and as entered by the auditor upon the tax books, was defective, in that the amount of the tax appeared therein as follows: "47.54." No

5. MUNICIPAL CORPORATIONS: temporary sidewalks: certifying cost: informalities: effect.
dollar sign ($) was used with these figures. We think that this point also is too technical to justify the consideration of a court of equity as a ground for nullifying the proceedings.

It is further urged that the assessment was made by the city council and certified without any notice thereof to the plaintiff other than the notice already referred to. It is enough to say that the statute does not provide for any other notice in the matter of

6. MUNICIPAL CORPORATIONS: temporary sidewalks: assessment: non-necessity of notice to property owner.
temporary sidewalks. The statute does put a limitation of cost upon the city council and forbids the assessment of a cost to exceed 40 cents a linear foot. The assessment in this case was about 20 cents a linear foot.

II. The plaintiff further challenges a certain assessment

against him of 21 mills for alleged waterworks bonds. It appears that, in 1908, the city of Anamosa had purchased its own waterworks and had issued its bonds for

7. Municipal cor-
porations:
taxation: omis-
sion to make
annual sinking
fund levy: rec-
tifying omis-
sion.

$30,000. Its bonds, therefore, were issued in pursuance of the statutes, one of which is as follows :·

Code Section 894, Sub. 9.

"A tax for the purpose of creating a bond fund sufficient to pay the interest to accrue before the next annual levy on funding or refunding bonds outstanding, and such proportion of the principal that at the end of 5 years the sum raised shall equal at least 20 per cent. of the amount of the bonds issued; at the end of 10 years at least 40 per cent. of said amount; at the end of 15 years at least 65 per cent. of said amount; and at or before the date of the maturity of said bonds a sum equal to the whole amount of the unpaid principal and interest, which tax shall be used to pay such principal and interest, and for no other purpose ;"

No special tax had been levied under the section above quoted, prior to 1913. Bonds had matured in the meantime to the extent of $3,000, and these had been retired by the issue of warrants. Three thousand dollars were about to mature before another levy could be made. The purpose of the city council appears to have been to levy a tax sufficient to raise a bond fund of $6,000, which would be 20 per cent. of the issue. It is urged by plaintiff that there is no warrant under the statute above quoted for levying a tax equal to 20 per cent. of the issue in any one year, but that a part of such bond fund should be levied each year. We are inclined to the view that the statute does contemplate an *annual* levy at such rate as would make the 20 per cent. at the end of five years. Such levy, however, had not been made prior to 1913. The first five-year period was about to expire. The provisions of the statute were incorporated in the bond. The bondholder was entitled to its enforcement. The city could not plead its

own default in answer to the bondholder. Having failed for four years to levy an annual tax for the purpose of such fund, the bondholder could demand such performance at this time. And, if the bondholder could demand it, it would seem to follow that the city council could perform it without demand. The levy added no new burden or obligation upon the taxpayer. Full value therefor had already been received.

It is next urged that the levy was excessive, in that 21 mills upon the assessed valuation of the city of Anamosa would produce over $7,000 in taxes. Plaintiff's computation is based upon an alleged assessed valuation of $350,000 or $360,000. The levy was based upon an estimate of the assessed value of property subject to such tax. The entire assessed value of taxable property in the city was between $350,000 and $360,000, but this included considerable property which was not subject to the waterworks tax. Such tax was by ordinance confined to property situated within 1,200 feet of a hydrant. Elimination of such property from the computation accounts for the difference in the estimate made by plaintiff and the estimate upon which the levy was based. What amount of the taxable value of the city was beyond the 1,200 feet limit is not made to appear in the evidence. The burden at this point is upon the plaintiff.

8. MUNICIPAL CORPORATIONS: taxation: excessive levy: burden of proof.

III. It is next urged that the south 100 feet of plaintiff's tract abutted upon the permanent sidewalk and did not abut upon the temporary sidewalk in question, and that the same was not, therefore, subject to an assessment for such temporary sidewalk. Plaintiff's property appears to have been entered for taxation and carried upon the public records as one tract under one description. The property is described as a whole as Webster's Outlot 1.

9. MUNICIPAL CORPORATIONS: temporary sidewalks: assessment: partial abutment on integral tract.

It was at least technically irregular, if not illegal, to make this assignment against any part of the property that did not abut upon the temporary sidewalk. Plaintiff's grievance at

this point, however, appears to us as quite technical and nominal. We cannot shut our eyes to the general knowledge and observation of men that a temporary sidewalk tax is infinitesimal as compared with the value of abutting property, and that it can make little practical difference to the plaintiff whether the tax is assessed against his entire tract or only upon the north 230 feet thereof. On the other hand, it must be said that the public authorities are asserting a lien to which they are not entitled as regards the amount of abutting property. They could have removed the question from the controversy by disclaimer or relinquishment. We are constrained, therefore, to recognize the plaintiff's legal right at this point, regardless of its apparent technicality. To this extent the decree entered below will be modified, so as to exclude the south 100 feet of plaintiff's tract from the assessment and to confine the entire assessment to the remainder of the tract. In all other respects, the decree entered below will be affirmed.

The costs in the first instance will be taxed to the appellant without prejudice to his right to move for apportionment based upon the partial relief afforded him.—*Modified* and *Affirmed*.

LADD, GAYNOR and SALINGER, JJ., concur.