NICK PERROTT, Appellant, v. A. BALKEMA, County Treasurer, et al., Appellees.

No. 40089.

*Hatley & Van de Steeg,* for appellant.

*C. B. Hoeven,* for Balkema, County Treasurer, appellee.

*C. W. Pitts, Jr.,* and *O. G. Reiniger,* for all other appellees.

STEVENS, J.—I. Appellant is the owner of Lots 6 and 7, Block 19, in the incorporated town of Hospers, and brings this action against the county treasurer, the municipality, the mayor,  and the city councilmen, to enjoin the collection of a special assessment laid on said lots for the cost of a sidewalk built by the said incorporated town along the same. The petition alleges that the said sidewalk was constructed and special assessment levied without lawful authority, and without the council's first having obtained jurisdiction to order

same. It is also alleged that the assessment is excessive; that a good and suitable sidewalk already existed; and that the new walk was defectively constructed.

The record of the proceedings of the city council ordering the construction of the sidewalk is somewhat indefinite as to just what was done. No petition for the improvement signed by appellant or other property owners was filed with the clerk; the resolution passed and adopted by the council was not immediately signed by the mayor; and the record does not affirmatively show that three fourths of the members of the city council voted therefor, or that the yeas and nays were called. They were not recorded.

Section 5717 of the Code of 1927 and the corresponding sections in the Code of 1897 (Sections 683, 684) require that no resolution or ordinance for the purposes enumerated therein shall be adopted ''without a concurrence of a majority of the whole number of members elected to the council, by call of the yeas and nays which shall be recorded.''

The particular ordinances and resolutions designated in the statute are ''any by-law or ordinance,'' ''any resolution or order to enter into a contract,'' ''any ordinance or resolution for the appropriation or payment of money,'' ''to direct the opening, straightening, or widening of any street, avenue, highway, or alley,'' ''to direct the making of any improvement which will require proceedings to condemn private property,'' ''to direct the repair of any street improvement or sewer, the cost of which is to be assessed upon property or against the owners thereof.'' The succeeding section (Section 5718) requires that ''the mayor shall sign every ordinance or resolution passed by the council before the same shall be in force.''

Cities and towns are, by Section 5962, Code of 1927, given authority to provide for the construction, reconstruction, and repair of permanent sidewalks upon any street within the limits of such city or town, and to assess the cost thereof on the lots or ·parcels of land in front of which the same shall be constructed. They are also given authority by Section 5968 of the Code of 1927 to provide for the laying, relaying, or repairing of temporary sidewalks and to assess the cost thereof against the abutting property,—not, however, to exceed 60 cents a linear foot.

The ordinance of the appellee town authorizes the council, by

resolution, to order the construction of permanent or temporary sidewalks upon any street therein, but provides that no such improvement shall be made except on petition, or by vote of three fourths of the council. The ordinance also provides for notice to property owners by publication for one week in a newspaper published in said incorporated town. Due notice, by publication, was served upon all property owners affected by the resolution of the council. The resolution allowing the assessment in question included other property than that of appellant. The mayor was absent from the meeting when the resolution ordering the construction of the sidewalk was adopted. It appears, however, that he favored the passage thereof, and at the next meeting signed the record approving the proceedings of the preceding meeting.

After the sidewalk was completed, and before the assessment was levied, appellant appeared before the town council, and filed written objections thereto. The objections filed were overruled, but appellant took no further proceedings until this action was commenced. The signing of the record by the mayor, approving the proceedings of the council ordering the improvement, was, under the rule of liberal construction applied thereto in cases in which the signature of the mayor is not made mandatory by the statute, sufficient. *Messer v. Marsh,* 191 Iowa 1144; *Rafferty v. Town Council,* 180 Iowa 1391.

Parol evidence was introduced, showing that the various resolutions passed by the council and complained of by appellant were carried unanimously by the council. The admissibility of this evidence is questioned. Whether admissible or not, when the record shows that the resolution was adopted, it will, in the absence of some showing to the contrary, be presumed that the requisite number of the council voted therefor, unless, of course, a call of the yeas and nays, together with a record of their votes, is required. *Brewster v. City of Davenport,* 51 Iowa 427.

It must, of course, be conceded that a sidewalk is, in a certain sense, a street improvement. We have, however, held that it is to be distinguished from other street improvements, such as paving, and that no resolution of necessity or other strictly formal proceedings are necessary. The order requiring and directing the construction or reconstruction of a permanent or temporary sidewalk by the council may be by either resolution or motion. In other words, the passage of an ordinance or of a formal res-

768

olution, requiring a record of the yeas and nays to be kept, is not necessary for that purpose. *Northern Light Lodge v. Town of Monona*, 180 Iowa 62; *Monroe v. Pearson*, 176 Iowa 283.

Whatever informality may appear in the record of the council's proceedings in this case, we are clear that the council acquired jurisdiction to levy the assessment. The assessment was not, for any of the reasons assigned, void, and injunction to restrain the collection thereof will not lie.

Some contention is made that the resolution does not specifically designate the material, mixture, etc., to be used for the sidewalk. This contention is without merit.

II. It is claimed by appellant that the sidewalk was constructed by an officer of the town, in violation of the prohibition contained in Section 5673 of the Code of 1927. This contention is not available to appellant in this action. The contention made after the work was completed comes too late. *Diver v. Keokuk Sav. Bank*, 126 Iowa 691. We find no reversible error in the record, and the judgment is affirmed.—*Affirmed*.

All the justices concur.