The Baltimore and Ohio Southwestern Railway Co.

*v.*

The People *ex rel.* A. L. Wall.

*Filed at Mt. Vernon May 10, 1895.*

1. Evidence—*town tax levy—record of town meeting competent.* The record of a town meeting is competent to contradict the certificate of a town clerk to the levy of a tax, where the first step in the levy can be taken only at a town meeting, and a record of every order or direction made by such meeting must be kept.

2. Same—*competency, not sufficiency, the test of admission.* Competent evidence should be admitted, although it is insufficient to prove a complete defense.

3. Taxes—*cannot be levied at special town meeting.* Under section 10, article 6, chapter 139, of the Revised Statutes, a town tax cannot be legally levied at a special town meeting unless the subject of such levy was before the annual town meeting, and was by that meeting postponed to such special meeting.

Appeal from the County Court of Wayne county; the Hon. John T. Cooper, Judge, presiding.

At the May term, 1894, of the county court of Wayne county, the appellee applied for a judgment for alleged delinquent taxes for the year 1893 against the real estate of appellant in Wayne county. Appellant had paid all taxes assessed against it except the sum of $316.22, town tax of Lamard township, and $80.33 of Bedford township, to which it filed, among others, this objection : "That said above mentioned tax was not levied at the annual town meeting of the electors of said several townships or at any other meeting of the electors of said township, but was levied by the town auditors of said township without authority, was not certified to the county clerk as required by law, and was extended upon the books without such clerk having jurisdiction thereof, and is illegal and void; that said town auditors had no authority to levy said tax." On the issue thus made appellee

offered in evidence the following certificates of the town clerks of said towns:

"State of Illinois, ⎱
   Wayne County, ⎰ *ss.*    *Office of the Town Clerk.*
     *Town of Bedford.*

"I, T. J. Birckett, town clerk in and for the town of Bedford aforesaid, do hereby certify that the amount of three hundred and fifty ($350) dollars is required to be levied as a tax, for town purposes, upon the real and personal property in said town liable to taxation for the year 1893, as appears from the record entries of moneys voted to be raised at the town meeting, and from a certificate of the board of town auditors of said town in my office remaining.

"Given under my hand this 5th day of September, 1893.

           T. J. Birckett, *Town Clerk.*

"Filed in my office this 6th day of September, 1893.

           F. M. Brock, *County Clerk.*"

"State of Illinois, ⎱
   Wayne County, ⎰ *ss.*    *Office of Town Clerk.*
     *Town of Lamard.*

"I, L. P. Decker, town clerk in and for the town of Lamard aforesaid, do hereby certify that the amount of $1300 is required to be levied as a tax, for town purposes, upon all the real and personal property in said town liable for taxation for the year 1893, as appears from the record entries of moneys voted to be raised at the town meeting, and from the certificate from the board of town auditors of said town in my office remaining.

"Given under my hand this 5th day of September, 1893.

           L. P. Decker, *Town Clerk.*

"Received by me this 5th day of September, 1893.

           D. R. Smith, *Supervisor.*

"Filed in my office this 5th day of September, 1893.

           F. M. Brock, *County Clerk.*"

Appellant then offered the following: "T. J. Birckett, being first duly sworn, on his oath says he is, and has been since the 4th day of April, 1893, the town clerk for the township of Bedford, Wayne county, Illinois, and as such clerk is the custodian of the township records of said town, containing all of the records for the annual town meeting for the year 1893, and that the following is the only record of business transacted at said town meeting in 1893." Appellant here offered in evidence the record of the annual town meeting for said township for 1893, as referred to by witness Birckett, as follows:

"State of Illinois,  
   Wayne County, } ss.  
    *Bedford Township.*

"At the annual town meeting held on the above date the following town officers were duly elected, as follows: T. J. Birckett, town clerk; R. B. Clay, assessor; M. T. Hornbuckle, collector; Byron Gibbs, highway commissioner; John Grandon, constable; J. B. Montgomery, constable; H. P. Sullivan, justice of peace; David Slade, justice of peace; A. C. Ray, T. E. Stephens, A. O. Cluttern, clerks of the election; William Schofield, moderator. The polls were closed at two o'clock, and the supervisor's financial statement read, after which the polls were opened, and they proceeded with the election.

T. E. Stephens, <em>Town Clerk.</em>"

On objection by counsel for appellee the county court refused to admit the evidence, and that refusal is the only error insisted on in appellant's brief.

John G. Drennan, and Andrew J. Lester, for appellant.

Hanna & Hanna, for appellee.

Mr. Chief Justice Wilkin delivered the opinion of the court:

It is admitted by both parties that by the introduction of the foregoing certificates of the town clerks a *prima facie* case as to the legality of the tax was made. Appellant insists, however, that those certificates are not conclusive upon the tax-payer, but it may show by the record of the proceedings of the town meeting that no such town tax was in fact levied by it. This position appellee controverts, claiming that the town clerks' certificates are final and conclusive.

The levy of a town tax, as is admitted, can only be made by a vote of the electors at a town meeting. Section 2, chapter 139, (2 Starr & Curtis, 2419,) provides: "The town clerk, if there be one and he is present, shall act as clerk of the meeting, and shall keep faithful minutes of the proceedings, in a book to be known as the town record, in which he shall enter at length every order or direction and all rules and regulations made by such meeting, which entry shall be signed by himself and the moderator of the meeting." If there is no such clerk present, a clerk *pro tem* must be appointed to act in his stead. (Sec. 3.) Inasmuch as the first step in the legal levy of a town tax can only be taken at a town meeting, and a record of "every order or direction * * * made by such meeting" must be made a matter of record, we are unable to see why that record is not competent evidence on the issue presented in this case. No reason or authority is offered in support of the contrary view, and we think none can be found.

But counsel for appellee seem to insist that there was no error in the exclusion of the record of the annual town meetings because no offer was made to prove that the tax in question was not ordered at some special meeting. If the offered evidence was competent it should have been admitted. Whether it proved a complete defense would have been another and different question.

But counsel are in error in their contention that a town tax can be legally levied at a special town meeting without some preliminary action on that subject at the annual meeting.   The powers of the electors at a special town meeting are defined by section 10, article 6, chapter 139, of the Revised Statutes.   They are, first, to fill vacancies in offices, etc.; second, to raise money for highways and bridges, in cases of emergency; third, "to act upon any subject within the powers of the electors at any annual town meeting, which may have been postponed for want of time at the preceding annual town meeting, to be considered at a future meeting."   It will thus be seen that the levy of a town tax at a special meeting could only be made when that matter had been postponed from the preceding annual meeting.   If, therefore, the record of the annual meeting showed that no town tax was levied, and failed to show that the subject of such tax was postponed to a special meeting, it would certainly prove, at least *prima facie*, that no such tax was legally levied.

Reference is made in the argument to section 191 of the Revenue act, providing, in substance, that only such objections as affect the substantial justice of the tax can be availed of in a proceeding like this; but it has no application to this case.   The objections filed by appellant go to show the invalidity of the tax—the illegality of the levy.

We think the offered evidence was competent, and that it was reversible error in the court below to exclude it.   Its judgment will accordingly be reversed, and the cause will be remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*