### School Directors v. Mae Sprague.

1. SCHOOL DIRECTORS — *When Two Can Act — Employment of Teachers.*—Where an honest and reasonable effort has been made to notify an absent director of a meeting of the board, though unavailing, the other two directors may legally act.

2. SCHOOL TEACHERS—*Excuse for Not Delivering Schedule and Register.*—It is sufficient to say that the teacher completed the term and offered to deliver the schedule and register to the clerk of the board, but he refused to receive them.

Assumpsit, for services as a school teacher. Trial in the Circuit Court of Brown County; the Hon. HARRY HIGBEE, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

REGAN & BAKER, attorneys for appellants.

A. HEDRICK and JEFFERSON ORR, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $36.25 recovered by appellee for services as a school teacher. That she performed the services is not disputed; but it is contended that she is not entitled to recover, because the contract under which she was employed was void, and she did not return schedule and register as required by statute.

*Apropos* is an expression in an opinion by the venerable Judge Gary :

School Directors v. Sprague.

"This is an effort on the part of appellant to pay off an honest debt with a cold technicality of the law."

John Buss, D. M. Roberts and W. H. McCaskill, were the directors for the district in 1896. Buss was president and Roberts was clerk. Appellee had taught the district. Buss and Roberts were in favor of re-employing her for a term of seven months, to begin in October of that year. McCaskill was opposed to her, and in conversation with the others had stated his ground of objection. Nothing definite was determined upon until the 7th of October, a few days before the time for the school to begin. Early in the morning of that day Buss sent his boy to McCaskill's house to notify him that there would be a meeting of the directors, at one o'clock of that day, at the house of Roberts, for the purpose of employing a teacher. When the boy reached McCaskill's he had gone from home and did not receive the notice until his return on that evening, after the hour for the meeting had passed. After waiting some time for McCaskill the other directors held a meeting at which it was decided to employ appellee. She was not regularly employed then, however, but the meeting was adjourned over until the following Monday, to enable her to secure a certificate extending over the full term, at which time she was employed. She entered upon her term of seven months that day and taught to its conclusion. At the annual election in 1897, Finis P. Clark was elected in the place of Buss, whereupon he and McCaskill met and decided to dismiss appellee, and to discontinue the school. Clark so notified appellee, but she replied that she would complete the term, and did so with the knowledge of McCaskill and Clark. This suit was for the last month's wages.

Appellants contend the contract of employment was void because it was not made at a meeting of the board as the law requires.

The meeting on the 7th of October was legally called, and the only question for determination is whether, under the circumstances, the two directors present could make the employment in the absence of McCaskill. Had McCaskill

received the notice, and declined to attend, it is clear the other two, constituting a quorum, could have made the contract. Trustees of Schools v. Allen, 21 Ill. 124; Scofield v. Watkins, 22 Ill. 72; Adkins v. Mitchell, 67 Ill. 511.

We are clearly of the opinion that where an honest and reasonable effort has been made to notify the absent director, though unavailing, the other two directors may legally act.

In this case we think such effort was made.

The president, on account of sickness and death in Mc-Caskill's family, and on account of this absence from home, had delayed calling a meeting until a few days within time for school to open. Early action was necessary, and we can not regard the calling and holding of the meeting as hasty. McCaskill's position in the employment of appellee was understood and his presence would have made no difference.

As to the contention that appellee ought not to recover because she failed to return schedule and register, it is sufficient to say that she completed the term, and offered to deliver them to the clerk, the new clerk of the board, but he refused to receive them.

The judgment is right and ought to be affirmed.