UNION PACIFIC RAILROAD COMPANY, APPELLANT, v. J. T. McLEAN, TREASURER, APPELLEE.

FILED JANUARY 16, 1913.    No. 17,687.

1. **Taxation:** LEVY FOR TOWNSHIP PURPOSES. Under township organization, the electors at the town meeting have power, within statutory limitations, to determine the amount of taxes required for township purposes, and the action taken thereat is the foundation for the county board's levy.

2. ———: Injunction: Burden of Proof. In a suit for an injunction · to prevent the collection of township taxes levied by duly authorized officers within statutory limitations, the burden of proving facts which show that the taxes are illegal is on plaintiff.

3. Towns: Records: Evidence. It is the duty of the town clerk to keep minutes of township proceedings, and to enter therein at length every order, direction, rule and regulation of the ·town meeting, and the record thus made is the primary evidence of the business transacted.

4. ———: ———. In counties under township organization, the proceedings of the town meeting and the acts of town officers in relation thereto should be liberally construed with a view to upholding the transaction of essential public business.

5. Taxation: Levy for Township Purposes: Validity. In reporting to the county.clerk the action of the town meeting on the subject of taxation, the failure of the town clerk to enumerate in his certificate the several purposes for which the taxes are needed, or to state the amount required for each purpose, does not necessarily invalidate the levy, where it is made by the proper officers and is within the limitation fixed by statute.

6. ———: ———: ———. The fact that a town clerk, in certifying to the county clerk the amount of taxes required for township purposes, indicates the necessary number of mills as the basis of a levy, instead of stating the specific sums necessary for different township purposes, does not of itself invalidate the taxes, where they are levied by duly authorized officers and are within statutory limitations.

Appeal from the district court for Merrick county: Conrad Hollenbeck, Judge. Affirmed.

Edson Rich and Martin & Bockes, for appellant.

· W. H. C. Rice, Elmer E. Ross and Patterson & Patterson, contra.

Rose, J.

The relief sought is an injunction against the treasurer of Merrick county to prevent him from collecting unpaid taxes levied in 1911 for township purposes on plaintiff's property in four townships. The revenue law authorizes a township at a town meeting to determine the amount of

money needed for township purposes, requires the town board to certify the result to the county clerk, and imposes upon the county board the duty of levying the necessary taxes. For the year 1911 plaintiff paid what would amount to a 2-mill levy on the assessed valuation of its property in each of the four townships, and assails all taxes in excess thereof as illegal. The name of the township, the number of mills, the tax levied, the amount paid and the balance unpaid are: Central: 5 mills; tax levied, $485.90; amount paid, $194.36; balance, $291.54. Chapman: 8 mills; tax levied, $1,260.76; amount paid, $315.19; balance, $945.57. Vieregg: 3 mills; tax levied, $325.08; amount paid, $216.72; balance, $108.36. Prairie Island: 5 mills; tax levied, $31.70; amount paid, $19.02; balance, $12.68. The substance of what was certified by each town clerk to the county clerk as the basis of a levy follows: Central township: There was a 5-mill levy voted at the annual town meeting "for a general fund." Chapman township: Chapman township levied 8 mills "for all purposes" at the regular annual meeting. Vieregg township: Had the annual meeting March 7 and the levying of "tax was 3 mills." Prairie Island township: The following tax was levied "for general fund:" 5 mills. There is no dispute about the facts. Certificates of the town clerks, records of the county board, and other proofs showing the facts summarized were introduced in evidence and are not controverted. Plaintiff, as indicated by its pleadings and argument, took the position that the certificates of the town clerk were jurisdictional, that they should have enumerated the several township funds to be raised by taxation and stated the amount required for each, and that therefore they were insufficient to authorize the levies made. As to the township taxes, an injunction was denied, and plaintiff has appealed.

One of the points argued is stated thus: "The purpose for which the tax is levied has not been fixed and determined by the township at its annual meeting as required by law." The only proofs offered to establish

this assertion are the certificates of the town clerks, and it is insisted that they are conclusive. Are they? The question presented requires consideration of the powers and duties of a township, of its clerk, and of the county board, in relation to taxation. The electors present at the annual town meeting have power: "To direct the raising of money by taxation for the following purposes: 1st. For constructing and repairing roads and bridges within the town to the extent allowed by law. 2d. For the prosecution or defense of suits by or against the town or in which it is interested. 3d. For any other purpose required by law. 4th. For the purpose of building or repairing bridges over streams dividing said town from any other town. 5th. For the support of the poor within the town; provided, that when the county board of any county shall have established a poorhouse under any statute law of this state, the support of the poor shall be provided for by the county board, and no taxes for that purpose shall be voted by the electors at town meetings except sufficient to provide temporary relief. 6th. For the compensation of town officers at the rate allowed by law, and when no rate is fixed for such amount as the electors may direct." Comp. St. 1911, ch. 18, art. IV, sec. 22. Another section of the statute provides: "The moneys necessary to defray the town charges of each town shall be levied on the taxable property in such town, in the manner prescribed by law for raising revenue. The rate of taxes for town purposes shall not exceed, for roads, ten mills on each dollar of the valuation; for bridges, two mills on each dollar of the valuation; for all other purposes, two mills on each dollar of the valuation. The electors at the annual town meeting shall determine the amount of money necessary to be levied for each fund for town purposes, and the town board shall certify to the county clerk, the amount of moneys voted to be raised at the annual town meeting for each of said funds, and said amounts shall be levied by the county board on taxable property in such townships and collected as other taxes:

provided, however, that said amount shall not exceed fourteen mills on the dollar valuation as assessed and equalized." Comp. St. 1911, ch. 18, art. IV, sec. 58. The town clerk is made the custodian of all records, books and papers of the town. Comp. St. 1911, ch. 18, art. IV, sec. 47. His duties are further defined by the following sections: "The town clerk last before elected or appointed shall be the clerk of the town meeting, and shall keep faithfully minutes of its proceedings, in which he shall enter at length every order or direction and all rules and regulations made by such meeting, and the same shall be signed by himself and the moderator." Comp. St. 1911, ch. 18, art. IV, sec. 32. "The minutes of the proceedings of every town meeting, subscribed by the moderator and clerk of such meeting, shall be filed in the office of the town ·clerk within ten days after such town meeting." Comp. St. 1911, ch. 18, art. IV, sec. 39.

Authority to certify to the county clerk "the amount of money necessary to be levied for each fund for town purposes" is found in the following statutory provisions: "The proper authorities of cities, villages, townships, and districts authorized by law to vote bonds or assess taxes, except such cities as are authorized by law to levy and collect their own taxes for municipal and school purposes, shall annually, on or before the first Monday in June, certify to the county clerk the several amounts which they severally require to be raised by taxation, including all amounts due upon legal and valid bonds outstanding against such corporation; provided, that school district taxes shall be certified to the county clerk on or before the first Monday in July." Comp. St. 1911, ch. 77, art. I, sec. 138. The power of the county board to make the necessary levy for township purposes is granted by the revenue law in the following language: "On the last day of sitting as a board of equalization the county board shall levy the necessary taxes for the current year, including all county, township, city, school district, precinct, village, road district, and other taxes required by law to be

certified to the county clerk and levied by the county board." Comp. St. 1911, ch. 77, art. I, sec. 136.

The statutes make it plain that the sovereign power to determine what proportion of the property in a township shall be taken from the owners in the form of taxes for township purposes has been committed by the legislature to the electors at the town meeting. What the town clerk is authorized to do is to make and keep a proper record of the proceedings and to properly certify to the county clerk the result in regard to taxation. The action of the town meeting, and not the certificate of the town clerk, is the foundation of the levy. Any error, irregularity or informality in the certificate should not deprive the township of revenue essential to township government, if the county board in fact levied taxes in conformity with legal proceedings of the town meeting. If its record is considered to be the evidence of what was done, instead of the clerk's certificate, plaintiff adduced no proof to show that the electors did not determine the specific sums required for each purpose for which taxes are leviable. The statute declares that a 14-mill levy is the limit of taxation for township purposes and the record shows that an estimate of 8 mills was the highest rate fixed in any of the townships named. If the township and the taxing officers exercised their powers lawfully, the levies are valid. In absence of proof to the contrary the validity of the taxes will be presumed. Plaintiff has the burden of proving they are illegal. On this subject the supreme court of Illinois ruled: "One objecting to the enforcement of a tax has the burden of showing its invalidity, since the presumption is that the tax is just and that all officers who have had any official connection with it have properly discharged their duties." *People v. Keener*, 194 Ill. 16.

With the exception of the certificate of the town clerk, plaintiff offered no proof to show the proceedings of the town meeting. Had the town clerk certified, and the county board levied, a tax in excess of the amount de-

termined by the town meeting, plaintiff, to prevent en-
forcement of the illegal tax, could have shown by the
record of the town meeting that the clerk's certificate was
false.  This doctrine was announced by the supreme court
of Illinois in the following language:  "The record of a
town meeting is competent to contradict the certificate of
a town clerk to the levy of a tax, where the first step in
the levy can be taken only at a town meeting, and a record
of every order or direction made by such meeting must be
kept."  *Baltimore & O. S. W. R. Co. v. People,* 156 Ill.
189.

In the early history of this court the same principle
was stated in this form:  "By section forty-four of the
school law, the director is required to keep a record of all
the 'proceedings of the district in a book to be kept for
that purpose,' and it is to this, and this alone, that resort
must be had to ascertain what the district has done, what
taxes have been voted, and for what particular purposes
they were levied."  *Burlington & M. R. R. Co. v. Lan-
caster County,* 4 Neb. 293.

Plaintiff has proved nothing to show that the taxes, if
collected, will not be lawfully expended pursuant to the
directions of the town meeting for the specific purposes
enumerated in the statutes.  The levies being within the
statutory limit, the presumption being that they are valid,
the foundation of the taxes being the proceedings of the
town meeting and the statute requiring a public record
thereof, the burden was on plaintiff to show that the
levies did not conform to the action of the town meeting,
and, for the purpose of proving that fact, informal and
irregular certificates of the town clerk are insufficient.
For plaintiff's failure to maintain the burden of proof,
the injunction was properly denied.

A decision based on the sufficiency of the certificates of
the town clerks must also be adverse to plaintiff.  The
statutes have conferred on the people of a township the
power to impose upon themselves taxes for local purposes.
It is understood that such power will often be exercised

by persons who are not familiar with the technicalities of the law and who do not express themselves in accurate language. The proceedings of the town meeting and the acts of town officers should therefore be liberally construed with a view to upholding the transaction of essential public business. In discussing this subject, Judge Cooley in his work on Taxation said: "In voting the tax the people will be acting in their political capacity, and their action is to be favorably construed, and not to be overruled or set aside by judicial or any other authority, so long as they keep within the limits of the power bestowed upon them. Technical defects and irregularities should be overlooked, so long as the substance of a good vote sufficiently appears, for the obvious reason that local business is largely and of necessity in the hands of plain people who are unskilled in the technicalities of law and unaccustomed to critical or even accurate use of language." 1 Cooley, Taxation (3d ed.) p. 573.

The certificates were obviously intended to indicate the number of mills leviable for all township purposes, and the county board apparently so understood them. An interpretation in harmony with the views of Judge Cooley leads to a holding that the failure of the town clerk to enumerate the several purposes for which the taxes were needed and to state the amount required in each fund did not invalidate the levy, since the limitation prescribed by law was not exceeded. *Weston Lumber Co. v. Township of Munising,* 123 Mich. 138. Referring to the report of taxes voted by a school district, it was said in *Burlington & M. R. R. Co. v. Lancaster County,* 4 Neb. 293: "We do not think it was intended, nor would it be reasonable to require that an itemized statement be given of the purposes for which the funds were intended. It certainly could be of no practical use whatever, and the omission to do so could work no possible injury to any one."

The fact that the town clerk reported the necessary number of mills as the basis of a levy, instead of stating the gross sum required for each purpose, did not invali-

date the taxes. This question was once considered by Judge Brewer, who said: "Another objection is, that it appears from the certificates sent by the county clerk of the one county to the county clerk of the other, that the county commissioners in making the levy simply fixed the rate per cent., instead of determining the amount to be raised for these several indebtednesses. We cannot think this a substantial defect; having the assessed value of the property before them, it can make no substantial difference whether the resolution of the commissioners declared that so much money in gross must be raised, or that a certain rate per cent. be levied for such tax; the result is the same, and a mere difference in the form of the expression ought not to weigh against the substantial rights of either party." *Commissioners of Marion County v. Commissioners of Harvey County*, 26 Kan. 181, 202.

For the reasons given, an injunction to prevent the collection of township taxes was properly denied.

AFFIRMED.

HAMER, J., dissents.

FAWCETT, J., dissenting.

To my mind there was scarcely a semblance of compliance with the law by either the voters or the clerk.