(No. 21137.—

THE PEOPLE *ex rel.* Edwin Spence, County Collector, Appellee, *vs.* THE LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Appellant.

*Opinion filed October 22, 1932—Rehearing denied Dec. 7, 1932.*

CHARLES P. HAMILL, (CHARLES T. RANDOLPH, of counsel,) for appellant.

JAMES M. ENDICOTT, State's Attorney, and P. J. KOLB, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Objections filed by appellant, the Louisville and Nashville Railroad Company, to a portion of the town tax for 1930 of Emma township, in White county, against its property in that township, were overruled by the county court of White county. From the judgment against its property for the amount of the taxes to which objections were made this appeal is prosecuted.

Appellant called as its witness the county clerk of White county, who testified that the total assessed valuation of the property in Emma township for the year 1930 was $828,077, and that he extended taxes on the property in said township for that year at the rate of $1.54 on the $100 of the assessed valuation as the town tax of the township on the authority of two certificates of tax levies introduced in evidence by appellant. The first of those certificates was dated

March 25, 1930, and signed by the clerk of the township, and is to the effect that the electors of the town, at the annual town meeting held on "March 25, A. D. 19—," voted that a tax should be levied upon all the taxable property of the town for "the year A. D. 19—" for the following specific town purposes, to-wit: For judgment in favor of the First National Bank of Carmi, $6000; for officers and printing expenditures, $1462.26, and for officers' hire, $3000; total, $10,462.26. The second of the certificates is also signed by the clerk of the township and is to the effect that the aggregate amount of accounts audited against the township by the board of township auditors thereof at its adjourned meeting held in the town clerk's office September 9, 1930, is $2083.36.

Appellant objected to all the town tax of Emma township in excess of the rate of twenty-six cents on the $100 assessed valuation, which it alleged was sufficient to raise the amount of $2083.36 levied by the certificate of September 13, 1930, thereby conceding that the levy of the latter amount of taxes was legal. The certificate of the town clerk above mentioned dated "March 25, 19—," on which the extension of taxes to the amount of $10,462.26 was made, did not furnish a proper basis for the extension of any taxes against the property of the township. Section 1 of article 6 of the act in relation to township organization provides that the annual town meeting shall be held on the first Tuesday in April of each year. (Smith's Stat. 1927, p. 2722; Cahill's Stat. 1927, p. 2462.) A town tax can be voted by the electors of a township only at the annual town meeting, or at a special town meeting subsequently held when the matter of levying a town tax has been postponed from the annual town meeting. (*Baltimore and Ohio Southwestern Railway Co.* v. *People*, 156 Ill. 189.) A valid levy of a tax is the only basis for a town clerk's certificate of a tax levy made by the electors of a town. (*People* v. *Missouri Pacific Railroad Co.* 332 Ill. 53.) The certificate

of the town clerk was made prior to the date of the annual town meeting, which latter date was the earliest date at which a town tax for the year 1930 could be levied by the electors of the town. There was no evidence of a town tax having been voted at the annual town meeting and no offer to amend the certificate.

Appellant introduced in evidence a judgment obtained by the First National Bank of Carmi against Emma township in the circuit court of White county at the October term, 1927, of said court, for $5254.26. It then offered in evidence warrants issued by the town clerk of Emma township, and certain other warrants issued by the commissioner of highways of the township, which represented the indebtedness for which the judgment was rendered, but an objection to this evidence was sustained by the court. Appellant contends that no tax levy could be made on the certificate of the board of town auditors of its allowance of the judgment of the First National Bank of Carmi and the certificate of the town clerk to the county clerk certifying that the board of town auditors audited and allowed the judgment on March 25, 1930. This contention is based on the proposition that the judgment against the township was obtained on indebtedness for road and bridge purposes. The judgment of the First National Bank of Carmi was against the town of Emma. If the suit of the bank against the township was based in part on money due it on warrants issued for road and bridge purposes, undoubtedly the township had a good defense in the suit as to the latter warrants, because obligations incurred for road and bridge purposes are not town charges but are the obligations of the highway commissioner. (*People* v. *Baltimore and Ohio Railroad Co.* 322 Ill. 623.) The question in this case, however, is not whether the township had a good defense to the suit brought against it by the bank, but whether, after judgment was obtained against it, it could levy a tax to raise money to pay the judgment. There is no contention

that the circuit court did not have jurisdiction of both the subject matter and the parties to the suit in which the judgment was rendered. The judgment having been rendered by a court having jurisdiction of the subject matter and of the parties is not subject to question in any collateral proceeding. (*Sheahan* v. *Madigan,* 275 Ill. 372.) Whether or not the judgment of the circuit court against the township was erroneous was not a question for determination of the county court in this case, and there was no error in excluding the evidence offered by appellant to show that the judgment was rendered in part for obligations incurred for road and bridge purposes. The judgment was against the township, and the board of town auditors had the right, and it was its duty, to audit and allow it as a claim against the township. *People* v. *Chicago and Alton Railroad Co.* 193 Ill. 364.

An additional objection filed by appellant related solely to the levy to pay the judgment of the First National Bank of Carmi, and is to the effect that the county court sustained objections filed by it to a tax of Emma township for the year 1929 on the ground that the tax objected to was levied to pay judgments obtained against the township for warrants issued for road and bridge purposes; that the judgment of the First National Bank of Carmi was for warrants issued for road and bridge purposes, and that, therefore, the question of the right of the township to levy a tax to pay the judgment was *res judicata.* In support of its additional objection appellant offered in evidence its objections filed in the county court of White county to the tax levy of Emma township for the year 1929, the same being that it was for the payment of judgments obtained against the township for obligations incurred for road and bridge purposes and of the judgment of the county court sustaining said objection after the facts applicable to the objection had been stipulated. An objection to this evidence was sustained by the court. There is no merit in the con-

tention of appellant that the court erred in excluding the evidence offered by it in support of its additional objection. The evidence offered did not show that any part of the taxes of Emma township for 1929 were levied to raise money to pay the judgment of the First National Bank of Carmi. The question presented by the objections to the taxes of 1929 was the validity of a tax levy for the year 1929 to pay certain judgments against the township, and the question presented in this case to the county court was the validity of a tax levy for the year 1930 to pay an entirely different judgment against the township. The law is, as stated and decided in numerous decisions of this court, that for a former adjudication to operate as an absolute bar of a subsequent action there must be, as between the two actions, identity of parties, of subject matter and of cause of action. It is clear that the subject matter of the litigation in this case is not the same as the subject matter of the litigation in which the former judgment of the county court was rendered.

It is also the law that where a controlling fact or matter is in issue between the parties to a suit and is determined and decided by the judgment in such suit, and such fact or matter is again in issue between the same parties in a subsequent suit, the former adjudication, if properly presented and relied on, will be conclusive of the issue in the later suit whether the cause of action is the same in both suits or not. This is generally denominated estoppel by verdict. (*City of Chicago* v. *Partridge*, 248 Ill. 442.) As we have stated, the question in issue on the objections filed by appellant in the county court to the taxes of 1929 was the validity of a tax levy to pay certain judgments against the township. No part of that levy was to pay the judgment of the First National Bank of Carmi. The issue presented in this case on which appellant contends the former adjudication is controlling, is the validity of a tax levy for the year 1930 for the payment of the judgment of

the First National Bank of Carmi. Appellant's contention that there was an estoppel by verdict is based on the proposition that the court, by its judgment sustaining the objection to the taxes of 1929, decided that the township could not levy a tax to pay a judgment against the town for obligations incurred for road and bridge purposes. Whether or not that is true is immaterial, because under the rule of estoppel by verdict it is not a decision on the law to be applied in a case that is conclusive upon the parties in subsequent litigation, but the determination of a controlling fact or matter in issue which is again put in issue in the subsequent litigation. The evidence offered by appellant did not show that there was any controlling fact or matter in issue between the parties on the objections filed to the taxes of 1929, and which was decided by the county court, that was again in issue in this case. The evidence offered, therefore, did not establish an estoppel by verdict, and no reversible error was committed in sustaining the objection to such evidence.

The evidence introduced by the collector shows the certificates of the board of town auditors of claims allowed against the township by that board and which were filed with the town clerk. One of these certificates was of claims allowed at a meeting of that board on March 25, 1930, which shows miscellaneous claims allowed in the amount of $1462.26 and the claim for judgment of the First National Bank of Carmi in the amount of $5254.26, a total of $6716.52. Another certificate of the board is dated September 2, 1930, by which the board certifies that on its meeting at the town clerk's office on said date it audited and allowed claims against the town to the amount of $1200.85. The collector also introduced in evidence three certificates of the town clerk of Emma township filed with the county clerk. One of these certificates of the town clerk is dated March 25, 1930, and was filed with the county clerk on April 4, 1930. In that certificate it is cer-

tified that the aggregate amount of accounts audited against Emma township by the board of town auditors at its meeting on March 25, 1930, was $1462.26. Another certificate of the town clerk to the county clerk dated September 9, 1930, is to the effect that the board of town auditors of the town at its meetings held at the town clerk's office on September 2 and September 9, 1930, audited and allowed the sum of $3376.01. This certificate was filed in the office of the county clerk September 10, 1930, and in it is included the amount of $1200.85 which was audited and allowed by the board of town auditors. Another certificate of the town clerk to the county clerk was offered in evidence by the collector dated May 17, 1930, and filed with the county clerk on May 22, 1930, certifying that the aggregate amount of accounts audited against Emma township by the board of town auditors at its meeting on March 25, 1930, was $10,462.26. This last certificate of the town clerk is for the same amount and evidently for the same claim that the town clerk certified was voted by the electors of the town at the annual town meeting "on the 25 day of March, A. D. 19—." One of the items composing that sum was "for judgment in favor of the First National Bank, Carmi, $6000," as shown in the second paragraph of this opinion. The town auditors only allowed for that judgment the sum of $5254.26. In the certificate of the town clerk to the county clerk the amount certified for that judgment was $6000, which was more than was allowed by the town auditors. The town auditors' certificate must control as to the amount for which the judgment is to be allowed. A certificate of the board of town auditors to the town clerk is the only basis and authority for the town clerk's certificate to the county clerk of claims audited by that board for the payment of which an extension of taxes is to be made. (*People* v. *Chicago, Indiana and Southern Railroad Co.* 248 Ill. 126; *People* v. *Indiana, Illinois and Iowa Railroad Co.* 206 id. 612; *People* v. *Chi-*

*cago and Alton Railroad Co.* 193 id. 364.) When a part, only, of a tax is illegal and it can be determined from the evidence what part is legal and what part is illegal, judgment may be rendered for the tax legally extended and refused as to the portion which is illegal. (*People* v. *Chicago and Alton Railroad Co.* 273 Ill. 452; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 212 id. 518.) The certificate of the town clerk to the county clerk of the amount of the judgment audited and allowed by the town auditors in favor of the bank is only valid to the amount allowed by the town auditors.

The amended certificate of the town clerk dated September 15, 1931, that was allowed to be filed and introduced in evidence over appellant's objection, was of the amount of claims allowed by the board of town auditors at three of its meetings. This amended certificate of the town clerk certified the amount of claims audited by the board at its meeting of September 9, 1930, to be $2175.16 and the total of the claims audited by the board at its three meetings to be $10,092.53. The amended certificate of the town clerk did not correctly state the amount of claims audited and allowed against the town as shown by the certificates of the town auditors which were in evidence. The court therefore erred in overruling appellant's objection to the filing and introducing in evidence the amended certificate. The amount of the claims audited and allowed by the board of town auditors at its meeting of September 9, 1930, and certified to the town clerk was the amount of $1974.85. The town clerk in his certificate dated September 13, 1930, certified to the county clerk that the amount of claims audited and allowed by the board of town auditors on September 9, 1930, was $2083.36, which certificate of the town clerk was introduced in evidence. As that amount was more than appellee was entitled to under the certificate of the town auditors made September 9, 1930, and which we have heretofore allowed, no

further sum can be allowed appellee for claims audited and allowed by the town board on September 9, 1930.

For the reasons above stated we hold that the only claims audited and allowed by the board of town auditors at its three meetings aforesaid, the same being the only meetings at which the board audited and allowed claims, and which were properly certified to the town clerk and by the town clerk to the county clerk, were as follows: (1) The amount of claims allowed at the meeting of the board of town auditors on March 25, 1930, totaling $6716.52, the same being for miscellaneous claims allowed by the board in the amount of $1462.26 and the claim for judgment of the First National Bank of Carmi in the sum of $5254.26; (2) the amount of claims audited and allowed at the meeting of the board of town auditors on September 2, 1930, the same being $1200.85, the total of all of the claims allowed at the two meetings being $7917.37; and (3) $2083.36, which sum was conceded by appellant to be the correct amount audited and allowed by the board of town auditors at its meeting of September 9, 1930, and to the taxes on which sum appellant filed no objections. The total amount of all of the sums on which taxes were properly and legally extended by the county clerk was $10,000.73. The objections of appellant were to all the tax extended at a rate in excess of twenty-six cents on the $100 assessed valuation, and the record shows that of the taxes so extended and objected to a part was unauthorized and illegal, as above shown.

It is contended by the collector that since the record does not show the assessed value of appellant's property in Emma township or the amount of town tax extended on such property it does not show that any illegal or unauthorized taxes were extended against such property. The delinquent list in the record shows $1544.40 due from appellant as tax in Emma township. The uncontradicted testimony of the county clerk is that taxes were extended

at a rate of \$1.54 per \$100 assessed valuation on all the property in Emma township as the town tax of that township. The objections of appellant were to all the tax extended at a rate in excess of twenty-six cents on the \$100 assessed valuation, and the record shows that of the taxes so extended and objected to, a part was unauthorized and illegal.

The judgment of the county court is reversed and the cause remanded, with directions to sustain the objections of appellant to that part of all taxes extended for Emma township at a rate in excess of a rate which, when applied to all the taxable property of that township, would raise the sum of \$10,000.73.

*Reversed and remanded, with directions.*