## STATE EX REL. HARRY H. PETERSON v. HARRY C. HOLMES.[1]

November 15, 1935.

No. 30,488.

*Harry H. Peterson,* Attorney General, *David J. Erickson,* Assistant Attorney General, and *Howard W. Anderson,* for relator.
*Naughtin & Henley,* for respondent.

DEVANEY, CHIEF JUSTICE.

Proceedings in *quo warranto* instituted in this court by the state of Minnesota, relator, to test the validity of the appointment of Harry C. Holmes, respondent, to fill a vacancy created in the Itasca Board of County Commissioners by the death of one Neil R. Bluntach, acting commissioner from the third commissioner's district.

Relator assails the validity of the appointment of respondent on the ground that all members of the board of appointment had not been duly notified of the special meeting called by the county auditor to fill the vacancy as required by 1 Mason Minn. St. 1927, § 660, one Nels Wangensteen, a member of said board not being served with notice.

[1]Reported in 263 N. W. 293.

It appears from the record, and the referee so found, that Wangensteen had left his home and absented himself from the county with deliberate intent to frustrate attempts to serve him with notice of such meeting. His motives for doing so are immaterial. Suffice to say that all reasonable efforts to serve him were without avail, Wangensteen having left, telling no one of his destination.

The question here for decision is whether 1 Mason Minn. St. 1927, § 660, which provides for the filling of vacancies in the office of county commissioner, should be construed according to the letter; or, more specifically, whether that portion of § 660 which provides that the meeting of the appointive board shall be held "upon three days' written notice * * * served personally" is mandatory and nullifies an act of such board performed without notice to one member when that member intentionally prevents service of notice by absenting himself and placing himself beyond the reach of such service.

We do not believe that the legislature intended that this statute, which clearly contemplates speedy action in the filling of vacancies, should be construed so as to permit one individual to frustrate its very purpose and to interfere with the carrying on of county governmental affairs. Such a construction would exceed all bounds of reason and would make a travesty of the law.

There has been no prior case decided by this court involving this question. The authorities to be found elsewhere are meager.

Dillon, on Municipal Corporations, vol. 2 (5 ed.) § 534, in discussing the question of notice in cases of special meetings such as that in the instant case, observes:

"* * * . if the party entitled to notice is absent from the municipality, and it is impracticable to give him notice in proper form, the service of notice is excused."

In Rafferty v. Town Council of Clermont, 180 Iowa, 1391, 164 N. W. 199, the Iowa court construed a similar statute. The town council held an election of officers without giving notice to one member who had left the vicinity knowing there was to be a meet-

ing. In determining the validity of the election, the court conceded that as a general rule notice was required, but held that reasonable construction of the statute required the finding of exceptions in the proper cases. The court said [180 Iowa, 1400]:

"* * * it would be straining the statute beyond the uttermost pale of reason to hold that failing to serve him with notice of that meeting at a time when he was thousands of miles away destroys the act of a municipality supported by the overwhelming majority of its electors."

It is true that in the Rafferty case the absent member would have approved of the action taken had he been present, but this fact does not affect the rule enunciated by the court.

In Consolidated Sch. Dist. v. Griffin, 201 Iowa, 63, 206 N. W. 86, the Iowa court followed the decision in the Rafferty case, 180 Iowa, 1391, 164 N. W. 199, holding that the election by the school board of a superintendent was valid even though one member who was absent from the community had not been notified. No reference was made by the court as to how the absent member would have voted. The court said [201 Iowa, 64]:

"The business of a corporation will not be held in suspense, or the action of the remaining members of the board be held void, because of want of notice to one of the members who is absent and unable to be present."

That notice of special meetings may be dispensed with where such notice is impracticable or impossible appears to be the view of the majority of the courts that have passed on the question. See School Directors v. Sprague, 78 Ill. App. 390; Young v. Webster City & S. W. Ry. Co. 75 Iowa, 140, 39 N. W. 234; Knoxville v. Knoxville Water Co. 107 Tenn. 647, 64 S. W. 1075, 61 L. R. A. 888.

In the light of the foregoing authorities, and common sense, we believe that § 660 should not be construed so as to invalidate the appointment of respondent as county commissioner. The referee found that the absent member, Nels Wangensteen, was absent intentionally and that all reasonable efforts were made to locate him for the purpose of serving notice of the special meeting. There is ample

support in the record for these findings, and this court has no alternative but to deny the petition of relator.

Writ discharged.