**Town of Elm Grove, Tazewell County, Illinois, Appellee, v. Town of Pekin, Tazewell County, Illinois, Appellant.**

**Gen. No. 9,232.**

Heard in this court at the January term, 1940. Opinion filed April 15, 1940.

C. I. MARTIN, of Pekin, for appellant.

DUNKELBERG & RUST, of Pekin, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

On February 25, 1938, the Town of Elm Grove brought a suit at law against the Town of Pekin, seeking to recover money expended by the Town of Elm Grove in supporting certain paupers who were transferred by the supervisor of the Town of Pekin to the Town of Elm Grove. Both townships are located in the county of Tazewell, Illinois. The suit is based upon the provisions of sec. 16, ch. 107, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 98.18], said chapter being entitled, "Paupers."

That section provides, in substance, that where a person shall become chargeable as a pauper within 12 months after moving into a town, who at the beginning of 12 months next preceding his becoming so chargeable resided in another town, it shall be the duty of the last-named town to take charge of the pauper on receiving notice specified in the act, and on refusal, an action shall lie against such town on behalf of the town

wherein such person became chargeable, to recover the reasonable costs and charges expended for such pauper.

There is no dispute as to the facts in the case. The appellant Town of Pekin admitting that the appellee Town of Elm Grove has expended the various amounts which it claims to have expended. There was a trial before the court, without a jury, and judgment entered in favor of the appellee and against the appellant for the sum of $344.75. It is from that judgment this appeal is taken.

The contention of the appellant is that its motion to dismiss the amended complaint should have been allowed by the court, and also that its plea in abatement, being the third paragraph in the answer to the amended complaint, was disregarded by the court. In the view we take of the case, it will not be necessary to consider the overruling of the motion to dismiss the amended complaint. The plea in abatement contained in the answer of the appellant set forth that the plaintiff appellee was not authorized by the electors at the annual town meeting to institute the suit. The court did not hold a separate hearing upon the plea in abatement but heard evidence on the merits and on the plea together. As judgment was entered for the appellee, it is assumed that the court found the issues against the appellant on the plea in abatement.

The evidence shows that suit was instituted by the supervisor of Elm Grove township upon authority given at a special town meeting held on February 1, 1938. This special town meeting was regularly called and the electors present by resolution, duly adopted, voted to authorize and direct the supervisor to start this suit, and also voted to appropriate and levy sufficient funds to pay the expenses of the same. The evidence further disclosed that nothing was done concerning the suit at the annual town meeting in the Town of Elm Grove in April, 1937.

Under sec. 3, art. 4, ch. 139, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 133.039] the electors present

at the annual town meeting are given express power to raise money by taxation for the prosecution or defense of suits by or against the town, or in which it is interested, and also the express power to provide for the institution, defense or disposition of suits at law or in equity in all controversies between the town and any other town, or any individual or corporation in which the town is interested.

At special town meetings the powers of the electors are defined by sec. 10, art. 6 of the same chapter, and briefly are: (1) To fill vacancies in offices of town officers; (2) To raise money for highways and bridges in cases of emergency; (3) To act upon any subject within the power of the electors at any annual town meeting which may have been postponed for want of time at the preceding annual town meeting, to be considered at a future town meeting, and (4) To provide for raising money for the relief and support of all poor and indigent persons within the town. In the enumeration of the powers of electors at the special town meetings there is nowhere any power listed to authorize the institution of suits or to provide for the raising of funds to pay the expenses thereof, unless that particular subject matter has been postponed for want of time at the preceding annual meeting to be considered at a future town meeting. In this case there was no action concerning this suit taken at the annual meeting at all and no postponement to the special meeting.

The only power given to a supervisor to initiate suits is found in par. 3, art. 11, ch. 139, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 133.105] where it is stated:

"He shall prosecute in the name of his town or otherwise, as may be necessary, for all penalties or forfeitures given by law to such town, or for its use, and for which no other officer is especially directed to prosecute, except as may be otherwise directed by the town meeting." In the case of *Town of Kankakee v. Kankakee & I. R. Co.*, 115 Ill. 88, it was held that if a bill in chancery be brought in the name of a town, without

authority of the electors given at a town meeting, the court may properly dismiss the same on motion of the defendant. In *Baltimore & Ohio S. W. Ry. Co. v. People ex rel. Wall,* 156 Ill. 189, the court held that a town tax could not be legally levied at a special town meeting unless the subject of such levy was before the annual town meeting, and was by that meeting postponed to such special meeting. This proposition of law was adopted and approved in the case of *People v. Louisville & N. R. Co.,* 350 Ill. 274, where it was stated: ''A town tax can be voted by the electors of a township only at the annual meeting, or at a special Town meeting subsequently held when the matter of levying a town tax has been postponed from the annual town meeting.''

The raising of money by taxation for the prosecution or defense of suits by or against a town, or the institution, defense or disposition of suits at law or in equity in all controversies between the town and any other town can only be provided for at the annual town meeting. Section 3, art. 4, ch. 139, Ill. Rev. Stat. 1937. Such action at a special town meeting could only be made when those matters had been postponed from the preceding annual meeting, and otherwise such authority is not defined or implied by sec. 10, art. 6, ch. 139 [Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 133.058]. In this case the record shows that no action of any kind was taken at the preceding annual meeting for such purposes, or that the same subject matter was postponed to a special meeting. Therefore, the first necessary steps for instituting the present suit were not properly taken.

Counsel for appellee urges that because the appellant failed to include in his motion to dismiss the amended complaint, the question of the authority of the appellee to bring the present suit, that it has waived such question and could not raise such issue in its answer. While there is some language supporting this

contention in the opinion of the court in *Town of Big Grove v. Town of Fox,* 89 Ill. App. 84, we believe the intent of that holding, as well as that in *Sanderson v. Town of La Salle,* 117 Ill. 171, to be that the question of an attorney's authority to institute an action in the name of a town, cannot be raised for the first time in the Appellate Court. However, under par. 3 of sec. 43 of the new Civil Practice Act it is provided, that all defenses, whether to the jurisdiction or in abatement, or in bar, may be pleaded together, but the court may order defenses to the jurisdiction or in abatement to be tried first. It is our judgment that the appellant had a perfect right to include matters in abatement in the answer filed.

It is the opinion of this court that the appellee was not legally authorized to file this suit, not having received such authority from the electors of the Town of Elm Grove at the annual town meeting in April, and that the court committed error in finding the issues in favor of the plaintiff appellee.

The judgment of the trial court is therefore reversed.

*Reversed.*